IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                  Criminal No. 1:15cr9-HSO-JCG-4
                                                                      Civil No. 1:16cv279-HSO

JALYN NICOLE HOLLAND

**MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S [135] MOTION TO DISMISS, AND DENYING DEFENDANT'S [127] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY FILED PURSUANT TO 28 U.S.C. § 2255**

**BEFORE THE COURT** is the Government's Motion to Dismiss [135] Defendant Jalyn Nicole Holland's Motion [127] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Having reviewed the Government's Motion [135] and Holland's Motion [127], the record, and relevant legal authority, the Court is of the opinion that the Government's Motion to Dismiss [135] should be granted, and that Holland's § 2255 Motion [127] should be denied without an evidentiary hearing.

I.   FACTS AND PROCEDURAL HISTORY

On February 3, 2015, a Grand Jury returned a five-count Indictment [20] against Defendant Jalyn Nicole Holland ("Defendant" or "Holland") and three co-Defendants.  On April 28, 2015, Holland entered into a Plea Agreement [63] with the Government and pleaded guilty to Count 5 of the Indictment, *see* Apr. 28, 2015, Minute Entry, which charged as follows:

> On or about January 9, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL LAMAR RICKS, KERIYAE JUDEKQA SIMMONS and JALYN NICOLE HOLLAND**, did travel and did aid and abet others in traveling in interstate commerce from the State of Texas to the State of Mississippi, and elsewhere, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, the unlawful activity being a business enterprise involving the distribution of a controlled substance, that is cocaine hydrochloride, and thereafter did perform acts and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of the unlawful activity.
>
> In violation of Sections 1952(a)(3) and 2, Title 18, United States Code.

Indictment [20] at 3.

Holland's Plea Agreement [63] with the Government provided, in relevant part, that Holland

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [63] at 4-5.

Holland was sentenced on July 28, 2015, to a term of imprisonment of 48 months as to Count 5 of the Indictment, and the Judgment [93] was entered on August 12, 2015. J. [93] at 1-2. The Court further ordered that, upon release from imprisonment, Holland shall be placed on supervised release for a term of two years

as to Count 5.  *Id.* at 3.  The Court ordered Holland to pay a $5,000.00 fine and a $100.00 special assessment.  *Id.* at 5.  Holland did not file a direct appeal.

On August 1, 2016, Holland filed the present Motion [127] pursuant to 28 U.S.C. § 2255.[1]  Holland seeks a minor-role reduction in light of Amendment 794 to the commentary of United States Sentencing Guidelines Manual § 3B1.2.

After being ordered [129] to respond, the Government filed a Motion to Dismiss [135].  The Government seeks to enforce the waivers of the rights to appeal and to collaterally attack the sentence contained in the Plea Agreement.  Alternatively, the Government contends that Holland is not substantially less culpable than her co-Defendant Keriyae Judekqa Simmons, and that any adjustment for mitigating role would result in a disparate sentence.  Mot. [135] at 3-7.  Holland has filed a "Notice of Appeal" [138], which the Court construes as a Response to the Government's Motion [135].  Holland asserts that her Motion "is based on the 2016 Retroactive Amendment 794 which came in effect on November 1, 2015.  Whereby the Motion sent in the form of a 2255 should be considered for the Retroactive Amendment 794 and should be construed as timely."  Resp. [138] at 1.

## II.  DISCUSSION

"As a general matter, . . . an informed and voluntary waiver of post-conviction relief is effective to bar [§ 2255] relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In this case, Holland signed the Plea Agreement confirming that she

---

[1] Holland executed the Motion and placed it in the prison mailing system on July 27, 2016.  Mot. [127] at 12.

had read the Plea Agreement or had it read to her, had it explained to her by her attorney, understood it, and voluntarily agreed to and accepted it.  Plea Agreement [63] at 6.

During the plea colloquy, the Court also reviewed the waivers with Holland and determined that Holland fully understood the Plea Agreement and its waivers. Holland attested that she fully understood and voluntarily approved of her Plea Agreement, including these waivers.  "Solemn declarations in open court carry a strong presumption of verity."  *Wilkes*, 20 F.3d at 653 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).   Holland has not asserted, and has presented no evidence, that her plea was not knowing and voluntary.  As such, the waivers are valid and enforceable.  *See id.*

According to the terms of the Plea Agreement,  Holland unequivocally waived her right to contest her sentence in any collateral proceeding except for claims of ineffective assistance of counsel.   Holland has raised no such claims.   Holland is bound by her Plea Agreement.  The Government's Motion to Dismiss should be granted, and  Holland's § 2255 Motion should be denied.

### III.  CONCLUSION

Because the Motion, files, and record conclusively show that  Holland is entitled to no relief, the Court finds that the Government's Motion to Dismiss [135] should be granted, and that  Holland's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Government's Motion to Dismiss [135] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Jalyn Nicole Holland's Motion [127] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE